IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FRANK DIGGES, #473881 | § | |
| VS. | § | CIVIL ACTION NO. 9:09cv201 |
| FRANK HELM, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DISMISSING CASE

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, concludes that this civil rights action should be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and for failure to state a claim upon which relief may be granted. The Plaintiff has filed an "Appeal of Magistrate Judge Report and Recommendation," which the Court construes as his objections ("Obj."). In the objections, he re-addresses the same points he raised in his complaint and/or during the *Spears*[1] hearing conducted by Magistrate Judge Guthrie on May 20, 2010.

Preliminarily, Plaintiff contends that the Magistrate Judge is "biased" or has a "conflict of interest" against him, terms that he uses interchangeably. Obj. at 1. Plaintiff offers nothing in support of his contentions except his allegation that (1) she ruled against him in a case in the "mid-nineties" and (2) he "feel[s]" she is "a pro-state judge whose prejudices run deep against

---

[1] An evidentiary hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

pro se prisoners." Obj. at 1. As Magistrate Judge Guthrie explained to Plaintiff during the *Spears* hearing, she did not even remember him or the proceeding he claimed she conducted about 15 years ago. In any event, Plaintiff bases his allegation of bias solely on his personal belief, without any objective evidence, and "objects" to Magistrate Judge Guthrie conducting his *Spears* hearing or any other proceeding. Obj. a 1. However, as she explained to him, her authority to conduct such pre-trial proceedings is vested in 28 U.S.C. § 636 and is not subject to the desires or consent of the Plaintiff. *Newsome v. E.E.O.C.*, 301 F.3d 227, 230 (5th Cir.), *cert. denied*, 537 U.S. 1049, 123 S. Ct. 660, 154 L. Ed. 2d 524 (2002), *and reh'g denied*, 537 U.S. 1179, 123 S. Ct. 1013, 154 L. Ed. 2d 928 (2003). His contention is without merit.

In his first substantive objection ("ground one"), Plaintiff broadly contends that the Magistrate Judge did not "dig beneath" the allegations of his complaint to determine the legal basis for the claim. Instead, he claims that she conducted a "truncated inquiry." Obj. at 2. The balance of Plaintiff's objections re-state Plaintiff's complaint at greater length: ground two addresses Plaintiff's claim of retaliation for demanding to be racially segregated (Obj. at 3-4); ground three, his *respondeat superior* claims against supervisory personnel for their "failure to intervene" in his case (Obj. at 4-5); and grounds five, six and seven (addressed together) his claims that the grievance and disciplinary systems are unconstitutional as unduly biased against prisoners, and his claim of overcrowding (Obj. at 7-10). Plaintiff also adds grounds four, arguing his right to be racially segregated (Obj. at 5-7), and eight, restating his desire for injunctive relief to reinstate his racial segregation (Obj. at 10-11). The record of the hearing shows that each of Plaintiff's claims in his complaint were discussed and explored, including his primary claims of retaliation over his "right" to be racially segregated and failure to intervene by prison supervisory

personnel, as well as his additional claims that the grievance procedure and disciplinary process are unconstitutional as unduly biased against prisoners and his claim of overcrowding. None of the "grounds" Plaintiff expounds upon in his objections contain any more substantive support than already addressed in Magistrate Judge Guthrie's Report and Recommendation. The Report carefully analyzes each of Plaintiff's claims and explains why they lack merit. In sum, Plaintiff's objections also lack merit.

The Court has conducted a careful *de novo* review of Plaintiff's grievances, other records, and his testimony as recorded on the DVD of the Spears hearing, together with the pleadings, Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other papers on file in the case.. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil case be and hereby is **DISMISSED** with prejudice as frivolous and for failure to state a claim upon which relief may be granted. It is further **ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**. Finally, it is **ORDERED** that the Clerk shall provide a copy of this opinion to the Administrator of the Three-Strikes List for the Eastern District of Texas.

So **ORDERED** and **SIGNED** this **25** day of **August, 2010.**

_____
Ron Clark, United States District Judge